RECEIVED
USDC CLERK. CHARLESTON. SC

2007 DEC 27 P 2: 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Debra Elaine Davis,                )    C. A. No. 2:07-0231-MBS-RSC
                                   )
            Plaintiff,             )
                                   )
      -versus-                     )    **REPORT AND RECOMMENDATION**
                                   )
Michael J. Astrue,                 )
Commissioner of Social             )
Security,                          )
                                   )
            Defendant.             )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Debra Elaine Davis, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on November 26, 2003, alleging that she became disabled on January 12, 2001, (Tr. 56) due to a heart attack, back problems, swollen legs, hypertension, depression, and anxiety. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on September 9, 2004. The administrative law judge before whom the plaintiff appeared with counsel, and

Kathleen Robbins, a vocational expert, considered the case <u>de novo</u>, and on July 24, 2006, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 11-24). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on December 1, 2006.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1.    The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits only through March 31, 2004.
>
> 2.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3.    The claimant's hypertension; coronary artery disease status post myocardial infarction with normal coronary arteries; Major Depressive Disorder; Anxiety-Related Disorder; and Somatoform Disorder are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 4.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5.    I find the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6.    As of her date last insured, March 31, 2004, the claimant has the residual functional capacity set out in the body of this decision.

7.    The claimant was unable to perform any of her past relevant work as of her date last insured (20 CFR § 404.1565).

8.    The claimant was a "younger" individual on January 12, 2001, and is now an "individual closely approaching advanced age."  She was a younger individual age 45-49 at her alleged onset date (20 CFR § 404.1563).

9.    The claimant has "more than a high school (or high school equivalent) education" (20 CFR § 404.1564).

10.   As the claimant retained the residual functional capacity to perform no more than simple, routine, repetitive tasks, she had no transferable skills (20 CFR § 404.1568).

11.   The claimant had the residual functional capacity to perform a significant range of medium work (20 CFR § 404.1567).

12.   Although the claimant's exertional limitations did not allow her to perform the full range of medium work, using Medical-Vocational Rule 203.22 and 203.29 as a framework for decision-making, there were a significant number of jobs in the national economy that she could perform as of her date last insured.  Examples of such jobs include work as a dishwasher.  This job is medium and unskilled.  There are 1,180 such jobs in the Greenville, South Carolina area, and 492,620 in the United States.  The claimant could also perform work as a maid/cleaner.  This job is light and unskilled.  There are 2,620 such jobs in the Greenville area, and 896,370 in the United States.  She could perform work as a sandwich maker/food preparation.  This job is medium and unskilled.  There are 2305 such jobs in the Greenville area, and 511,775 in the United States.

13.   The claimant was not under a "disability," as defined in the Social Security Act, at any time through her date last insured, March 31, 2004 (20 CFR § 404.1520(g)).

Tr. 23-24.

3

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability."  42 U.S.C. § 423(a).  Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a de novo

4

review of the evidence and requires the court to uphold the
Secretary's decision as long as it is supported by substantial
evidence.  See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988)
(citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)).
The phrase "substantial evidence" is defined as evidence which a
reasoning mind would accept as sufficient to support a particular
conclusion.  It consists of more than a mere scintilla of
evidence but may be somewhat less than a preponderance.  If there
is evidence to justify a refusal to direct a verdict were the
case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the
final decision of the Commissioner is supported by substantial
evidence and proper legal standards have been applied.

## DISCUSSION

A review of the record and relevant case law indicates that
the Commissioner's denial of disability benefits should be
reversed and the matter remanded to the Commissioner for an award
of benefits.

In the instant action Plaintiff claimed she was disabled as
a result of, among other impairments, depression and anxiety.  At
Step 2 of the sequential evaluation process, the administrative
law judge found that the plaintiff's Major Depressive Disorder,
Anxiety-Related Disorder, and Somatoform Disorder were "severe"
impairments.  At Step 3, the administrative law judge found that
none of the plaintiff's impairments met or equaled on of the
Listed Impairments in Appendix 1, Subpart P, Regulation No. 4.
However, the administrative law judge committed reversible error

by not performing the required Listing analysis before he
concluded that Plaintiff was not disabled because of one or all
of her severe mental impairments.

When the evidence in the administrative record clearly
generates an issue as to a particular listing and the
administrative law judge fails properly to identify that listing
at Step Three, and fails to explain clearly the medical evidence
of record supporting the conclusion reached at that critical
stage of the analysis, a reversal can be expected to result,
except in those circumstances where it is clear from the record
that the relevant listing was considered, and there is elsewhere
in the administrative law judge's opinion an equivalent
discussion of the medical evidence relevant to the Step Three
analysis which allows the court readily to determine whether
there was substantial evidence to support the administrative law
judge's Step Three conclusion. Schoofield v. Barnhart, 20 F.Supp.
2d 512 (D. Md. 2002).

The record here contains medical evidence which clearly
generates an issue as to Listings 12.04, 12.06, and 12.07, for
mental impairments. As an example, Dr. C. David Tollison, Ph.D.,
a clinical psychologist, performed a diagnostic evaluation. (Tr.
216-238). He stated that Plaintiff appeared to have a
particularly low threshold for stress — at times she shakes,
cries uncontrollably and feels like she is smothering and going
to die. She reported reduced pleasure in living. He concluded
that she has very poor control over her emotions, appears
psychologically fragile, and suffers "particularly intense

6

symptom of cognitive internal turmoil with agitation." Her affect was blunted, her mood was anxious and depressed, and her facial expression lacks range and spontaneity. She wept throughout the "vast majority" of the evaluation. Dr. Tollison noted that Plaintiff's father was physically abusive, and as the oldest child she felt a responsibility to protect her younger siblings, spending "much of her youth in a high state of anxiety and anticipatory stress."

Dr. Tollison administered the MMPI, noting that there was no suggestion of manipulation, magnification, or embellishment. He concluded that the results suggest an anxious and depressed individual who appears concentrated on physical symptoms and bodily complaints. "She ruminates, worries, and obsesses over her medical problems," and has little "in the way of effective stress-coping skills and adaptive behaviors." Her "psychological defense mechanisms are largely ineffective and she is vulnerable to psychological influence in her symptoms. It is likely that she tends to internalize, i.e., somatize emotional stress and tension, channeling these emotions through somatic outlets." He concluded:

> Based upon my evaluation of the patient, review of medical records, and results of objective psychological testing, it is my opinion Ms. Davis does not exhibit the concentration, persistence, or pace typically required in a work setting. The patient has a poor threshold for psychological issues and is expected to markedly deteriorate if confronted with routine work pressures, stresses, and demand situations. She also tends to internalize stress and, when confronted with pressures and work stresses may well deteriorate physically as well with symptoms of angina. She does not exhibit the ability to accept

7

> instructions and respond appropriately to
> criticism from supervisors due to her fragile
> emotional state. Given her inability to maintain
> composure and control her emotions, it is unlikely
> she could complete a series of workdays without
> interruption from psychological symptoms. Finally,
> there appears to be marked impairment in the
> patient's ability to maintain concentration over
> time and she is expected to be easily distracted
> by the combination of her physical and
> psychological symptoms. Her condition appears
> chronic in nature and is expected to continue over
> the next twelve or more months.

Tr. 235.

Dr. Tollison diagnosed affective disorder, major depressive disorder, anxiety-related disorder generalized anxiety disorder and somatoform disorder (undifferentiated).  Importantly, Dr Tollison stated that Plaintiff's limitations have been present since she last attempted to work in January 2001.  Tr. 238.

Based on his findings, Dr. Tollison completed a Psychiatric Review Technique and found that Plaintiff met Listings 12.04, 12.06, and 12.07.  Tr. 239-252.

Despite this and other evidence of record, the administrative law judge simply did not identify any of the pertinent Listings at Step Three, and did not discuss, much less explain clearly, the medical evidence of record supporting his conclusion reached at that critical stage of the analysis.  The administrative law judge drew some cursory conclusions which roughly equate with part of the required analysis, but that hardly discharged his duty to fully and fairly consider the record.  This matter should be reversed.

Whether or not to remand or reverse is generally approached on a practical level.  Certainly an award of benefits is more

8

appropriate when further proceedings would not serve any useful purpose, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1985). Likewise an award of benefits is appropriate when substantial evidence on the record as a whole indicates that the claimant is disabled, and the weight of the evidence indicates that a remand would only delay the receipt of benefits while serving no useful purpose, or a substantial amount of time has already been consumed. <u>Parsons v. Heckler</u>, 739 F.2d 1334, 1341 (8th Cir. 1984); <u>Tennant v. Schweiker</u>, 682 F.2d 707, 710 (8th Cir. 1982). Also reversal is appropriate when the Secretary has had an opportunity to develop the record on an outcome-determinative issue and has failed to produce substantial evidence, <u>Broadbent v. Harris</u>, 698 F.2d 407, 414 (10th Cir. 1983), <u>Tennant</u>, 682 F.2d at 710-711; or where "there is not the slightest uncertainty as to the outcome" and the remand "would be an idle and useless formality." <u>NLRB v. Wyman-Gordon Company</u>, 394 U.S. 759, 766 n. 6 (1969). <u>Barry v. Bowen</u>, 862 F.2d 869 (4th Cir. 1988). On the other hand, remand is appropriate "where additional administrative proceedings could remedy defects. . .". <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989).

Here, it appears that remand to award benefits is appropriate. Plaintiff is presently 56 years old and it has been over four years since she applied for disability benefits. Further, since her insured status expired in 2004, there is no more evidence to be had or which could be developed. Dr. Tollison's report is well supported and he directly addressed the question of whether the plaintiff met or equaled a Listing and

9

concluded that she met three Listings.  It appears that on this record,  an award of benefits is more appropriate because further proceedings would not serve any useful purpose.

## CONCLUSION

Therefore, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be remanded to the Commissioner to award benefits.  See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina,

December 27, 2007

10