IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Debra E. Davis, ) | |
| ) | C/A No. 2:07-231-MBS-RSC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Debra E. Davis filed her application for a period of disability and disability insurance benefits on November 26, 2003, with a protective filing date of October 14, 2003. (Tr. 56-59.) Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on March 23, 2006. The ALJ issued a decision dated July 24, 2006, in which she concluded that Plaintiff was not under a "disability" as defined in the Social Security Act. Accordingly, the ALJ determined that Plaintiff was not entitled to a period of disability or disability insurance benefits under Sections 216(I) and 223, respectively, of the Social Security Act. Plaintiff requested a review of the hearing decision. The decision of the ALJ became the "final decision" of the Commissioner when it was adopted by the Appeals Council on December 1, 2006. (See Tr. 4-6.) Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. On December 27, 2007, the Magistrate Judge filed a Report and Recommendation ("Report and

Recommendation"), in which he recommended that the decision of the Commissioner be reversed and remanded for an award of benefits to the Plaintiff. The Magistrate Judge found that the ALJ committed reversible error by not performing the required analysis for determining whether one or a combination of Plaintiff's impairments met or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.[1] Defendant filed objections to the Report and Recommendation on January 14, 2008. ("Defendant's Objections.")

The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Social Security Act provides, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less

---

[1] This is the analysis required at step three of the five step sequential process set forth in 20 C.F.R. § 404.1520. This five step process requires the ALJ to make the following determinations, in sequence: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents claimant from performing past relevant work." Reichenbach v. Heckler, 808 F.2d 309, 311 (4th Cir. 1985)(citing 20 C.F.R. § 404.1520). Once the claimant has successfully showed that his impairment prevents him from performing past relevant work, the burden shifts to the Commissioner on the fifth step, who must "show whether the claimant is able to perform other work considering his residual functional capacities and his age, education, and past work experience." Id.

than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## DISCUSSION

Plaintiff was 52 years old at the time that she filed her application for a period of disability and disability insurance benefits. She has a high school education and has completed one year of college. (Tr. 67.) She has worked in the past as a cashier, hostess, and food preparer. (Tr. 69.) She claims disability due to consequences from a heart attack she had on January 12, 2001, back problems, fluid around her knees and ankles, nerves (or anxiety), and depression. (Tr. 62, 83.) Defendant asserts four specific objections to the Report and Recommendation. The court will review each of Defendant's objections in turn.

A.

Defendant's first objection is that the Magistrate Judge's finding that the ALJ failed to perform the proper step three analysis is inaccurate. Defendant, citing to page 13 of the record, alleges that the ALJ "specifically found that there was no credible evidence that Plaintiff's mental impairments met the requirements of the Listing of Impairments . . .." (Defendant's Objection at 2.) Defendant also argues that the ALJ found that the only evidence that Plaintiff met any Listing was not credible.

In order to facilitate judicial review, the Social Security Act and the Administrative Procedures Act requires a decision maker to include "in the text of her decision a statement of the reasons for that decision." See Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). Without such a statement of reasons, a reviewing court cannot determine whether the Commissioner based a decision on substantial evidence. See id. When explaining her listing determination, an ALJ should first identify the relevant listed impairments. See Cook, 783 F.2d at 1173. Then, the ALJ should compare the listed criteria with the claimant's symptoms. See id.

First, the ALJ in this case did not follow the appropriate procedure for explaining her listing determination. Although the ALJ referred to three listed impairments, she did not set forth the criteria for meeting these listings. The ALJ also did not compare the listed criteria with the claimant's symptoms. Second, contrary to Defendant's assertion, the ALJ did not explicitly state her reasons for finding that Plaintiff's impairments, either singly or in combination, did not meet a listed impairment. Rather, the ALJ summarily states that the Plaintiff's various severe impairments - which the ALJ found to include Major Depressive Disorder, Anxiety-Related Disorder, and Somatoform Disorder - were not severe enough to meet or medically equal one of the listed

4

impairments. (See Tr. 13.) Without a statement of her reasons for finding that Plaintiff's impairments did not meet a listing, the court cannot review whether the ALJ's step three determination was based on substantial evidence. See Cook, 783 F.2d at 1172.

Third, Defendant contends that the only evidence that Plaintiff met any listing was the examining psychologist's, Dr. Tollison, medical opinion. Defendant further contends that because the ALJ found Dr. Tollison's opinion not credible, the ALJ's step three analysis was appropriate. Generally, it is the responsibility of the ALJ to decide the legal question of whether a listing is met by a claimant's impairments. See Social Security Ruling 96-6p. It is true that the ALJ found Dr. Tollison's opinion not credible. (See Tr. 13, 20). It is also true that Dr. Tollison's opinion was the only medical opinion that explicitly stated that Plaintiff met Listings 12.04, 12.06, and 12.07. Nevertheless, Dr. Tollison's medical opinion was not the only medical evidence of symptoms of Plaintiff's mental health impairments. (See Tr. 14-15.) It is not clear whether the ALJ considered this other medical evidence in conducting her step three determination. As such, the court cannot evaluate whether the ALJ's determination is based on substantial evidence. See Cook, 783 F.2d at 1172.

### B.

Defendant's second objection is that since the ALJ performed the appropriate listing analysis, the only issue for the Magistrate Judge to review was whether the ALJ's determination of what weight to give Dr. Tollison's testimony was supported by substantial evidence. For the reasons already discussed, the ALJ did not conduct the appropriate listing analysis. Therefore, Defendant's second objection is without merit and the court refrains from reviewing the ALJ's credibility analysis.

C.

Defendant's third objection is based on an assertion of harmless error. Defendant concedes that the ALJ did not perform a thorough step three analysis because the ALJ did not perform the required special technique for evaluating the severity of mental impairments set forth in 20 C.F.R. § 404.1520a. (See Defendant's Objections at 3.) Defendant, relying primarily on Fischer-Ross v. Barnhart, 431 F.3d 729 (10th Cir. 2005), argues that nevertheless, this error was harmless because the ALJ's findings at step four were supported by substantial evidence.[2]

Generally, a harmless error analysis may be appropriate "'to supply a missing dispositive finding . . . where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" Fischer-Ross, 431 F.3d at 733 (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004)). Application of the harmless error analysis should be done cautiously in the administrative review setting. See id. When an ALJ fails to provide detailed findings at step three of the five step process, this failure may be harmless where "an ALJ provides detailed findings . . . that confirm rejection of the listings in a manner readily reviewable . . . ," id. at 734, at another step of the analysis.

In Fischer-Ross, the Tenth Circuit found the ALJ's failure to provide a sufficient explanation for finding that none of the claimant's impairments met a listing to be harmless error. See id. at 735.

---

[2] Defendant also relies on Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir 2004) for the proposition that the Fourth Circuit has recognized that harmless error does not require remand. In Ngarurih, the Fourth Circuit stated that the harmless error analysis applies in immigration cases and cited to other circuit's harmless error analysis in other types of administrative actions. See Ngarurih, 371 F.3d at 190 n.8. As such, Ngarurih provides little guidance in terms of the application of harmless error analysis in the social security context.

6

The claimant's impairments were carpal tunnel syndrome, lumbar spondylosis, and allergic rhinitis. See id. at 734. The court found that the ALJ's findings at step four and five with respect to the claimant's carpal tunnel syndrome and lumbar spondylosis, conclusively negated the possibility that these impairments would meet a listing because the ALJ's step four and five findings specifically addressed factors that would have been considered in a listing analysis. See id. at 734-35. The court further found that there was no evidence in the medical record of any of the exacting criteria required to meet a listing related to allergic rhinitis. See id. at 735. Based on these findings, the court found that no reasonable factfinder could have found differently than the ALJ at step three and held the ALJ's failure to fully explain his step three finding was harmless error. See id.

In contrast, the ALJ in this matter did not provide specific findings at steps four and five that would conclusively negate the possibility that Plaintiff's mental impairments did not meet a listing. For example, the criteria for meeting Listing 12.04 includes a showing of major depressive syndrome, characterized by at least five of the following characteristics: depressed or irritable mood; markedly diminished interest or pleasure in almost all activities; appetite or weight increase or decrease, or failure to make expected weight gains; sleep disturbance; psychomotor agitation or retardation; fatigue or loss of energy; feelings of worthlessness or guilt; difficulty thinking or concentrating; suicidal thoughts or acts; or hallucinations, delusions or paranoid thinking. 20 C.F.R., Part 404, Appendix 1. In determining Plaintiff's residual functional capacity at steps four and five, the ALJ gave Dr. Tollison's opinion little weight, stated he considered Dr. Kofoed's opinion on Plaintiff's mental limitations, and concluded that the Plaintiff "had moderate difficulties in maintaining social functioning, and in maintaining concentration, persistence, and pace." (Tr. 20-21.) Yet, the ALJ did not set forth any specific findings with regard to other medical evidence which

reported that Plaintiff exhibited some of the symptoms listed in Listing 12.04. (See Tr. 14-17.) As such, it is not clear that no reasonable factfinder could have found differently than the ALJ at step three. Therefore, the ALJ's failure to provide an adequate explanation of her step three determination is not harmless error. See Fischer-Ross, 431 F.3d at 733.

### D.

Defendant's fourth objection is that even if the court were to agree with the Report and Recommendation that this case should be remanded, the Magistrate Judge's recommendation that benefits should be awarded on remand is in error. Defendant claims the Magistrate Judge's recommendation of an award of benefits is in error because the Magistrate Judge impermissibly went outside the appropriate standard of review by weighing and finding Dr. Tollison's opinion to be determinative. The court agrees.

Judicial review of a denial of social security benefits does not include a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek, 438 F.2d at 1157. It is not appropriate for the reviewing court to decide the weight of evidence contained in the record. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). As discussed herein, the reversible error in this case is the ALJ's failure to adequately explain her step three determination, which prevents the court from determining whether the ALJ based her determination on substantial evidence. As such, the appropriate remedy in this case is to remand for further explanation of the ALJ's determination, not to weigh the evidence and remand for an award of benefits.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court concurs in part and rejects in part the Magistrate Judge's Report and Recommendation. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), it is ORDERED that the Commissioner's decision to deny benefits be **reversed** and that the case be **remanded** to the Commissioner for further administrative action as set out herein.

IT IS SO ORDERED.

 s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 22, 2008